UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT,<br><br>        Plaintiff,<br><br> - against -<br><br>CBS BROADCASTING INC., CBS RADIO INC., and STERLING ENTERTAINMENT ENTERPRISES, LLC,<br><br>        Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants CBS Broadcasting Inc. ("CBS"), CBS Radio Inc. ("CBS Radio") and Sterling Entertainment Enterprises, LLC ("Sterling", and together with CBS and CBS Radio, "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants' unauthorized reproduction and public display of copyrighted photographs of New York Jets quarterback Geno Smith owned and registered by Chevrestt, a New York City based photojournalist. Accordingly, Chevrestt seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over each of the Defendants because Defendants reside in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 74 Forest Road, Dumont, New Jersey 07678. Chevrestt has won numerous awards and fellowships, including the New York Foundation for the Arts' Gregory Millard Fellowship and the Bronx Council of the Arts Fellowship.

6. Upon information and belief, CBS is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 51 West 52nd Street, New York, New York 10019. At all times material hereto, CBS has operated and continues to operate a terrestrial television station in New York City under the call letters WCBS-TV.

7. Upon information and belief, CBS Radio Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 1271 Avenue of the Americas, New York, NY 10020. Upon information and belief, CBS Radio is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, CBS Radio has operated and continues to operate a website at the URL: http://Sports.CBSLocal.com/ (the "Website").

8.     Upon information and belief, Sterling is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 75 Rockefeller Plaza, New York, New York 10019. Upon information and belief, Sterling is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, Sterling has operated and continues to operate SportsNet New York, a regional sports network available on satellite, cable and fiber optic television providers primarily in the New York City metropolitan area.

## STATEMENT OF FACTS

### A.     Background and Plaintiff's Ownership of the Photographs

9.     On August 11, 2015, just two days before the New York Jets were scheduled to play their pre-season opener against the Detroit Lions, starting quarterback Geno Smith suffered a broken jaw after he was punched by teammate Ikemefuna Enemkpali during a locker room altercation.  Smith had surgery on August 13, 2015 and was expected to be out for six to ten weeks.  The altercation and Smith's injury were not only heavily covered by the sports press in New York City, but the incident also became national news.

10.    On August 15, 2015, two days after Smith's surgery, Chevrestt caught a shirtless Smith throwing passes to a friend outside of Smith's apartment and took photographs of him – the first photographs taken of Smith after his surgery.  True and correct copies of said photographs (the "Photographs") are attached hereto as Exhibit A (*Geno Smith*) and Exhibit B (*Geno Smith Throwing a Football*).

11.    Chevrestt then licensed the Photographs to the New York Post.  On August 16, 2015, the New York Post ran an "exclusive" article that featured the Photographs in both its print and web editions entitled *Big Mouth! Geno emerges for first time post-sucker punch surgery*.

*See* http://nypost.com/2015/08/16/geno-smith-feeling-great-post-sucker-punch-surgery/ (last visited January 21, 2016). Cheverestt's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the web edition of the article is attached hereto as Exhibit C. Moreover, the *Geno Smith* photograph appeared on the front cover of the August 16, 2015 print edition. Cheverestt's name was featured in a gutter credit identifying him as the photographer of the photograph. A true and correct copy of the front cover of the print edition is attached hereto as Exhibit D.

12. Chevrestt is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

13. The Photographs were registered with Copyright Office and were given Copyright Registration Numbers VA 1-983-198 (*Geno Smith*) and VA 1-983-199 (*Geno Smith Throwing a Football*), both effective October 11, 2015. True and correct copies of the Certificates of Registration of the Photographs are attached hereto as Exhibits E (VA 1-983-198) and F (VA 1-983-199).

   B.   **Defendants' Infringing Activities**

14. **CBS Radio** - Upon information and belief, later in the day on August 16, 2015, CBS Radio ran its own article on the Website entitled *First Pictures of Geno Smith Post-Surgery Emerge* (http://sports.cbslocal.com/2015/08/16/pictures-geno-smith-post-surgery/) (last visited January 21, 2016). The article prominently featured the Photographs. Upon information and belief, CBS Local Media removed Chevrestt's gutter credit, instead attributing the Photographs to the New York Post. A true and correct copy of the article is attached hereto as Exhibit G.

15. CBS Radio did not license the Photographs from Plaintiff for use in its article, nor did CBS Radio have Plaintiff's permission or consent to publish the Photographs on its Website.

16. Upon information and belief, despite Plaintiff's complaints, the article, including the Photographs, remain posted on the Website.

17. **CBS** – During its telecast of the August 21, 2015 pre-season football game between the New York Jets and the Atlanta Falcons, CBS publically displayed copies of one or more of the Photographs. Upon information and belief, CBS produced the telecast. CBS did not license the Photographs from Plaintiff for use during the telecast of the football game nor did it have Plaintiff's permission or consent to display the Photographs during its telecast of the game.

18. Upon information and belief, CBS removed Chevrestt's gutter credit and did not attribute the Photographs to anyone.

19. **Sterling** - Upon information and belief, CBS licensed its telecast of the Jets-Falcons pre-season football game, which still included the Photographs, to Sterling for rebroadcast on its station SportsNet New York.

20. Upon information and belief, on August 22, 2015, Sterling re-aired CBS's telecast of the Jets-Falcons football game, including the Photographs, twice. Sterling did not license the Photographs from Plaintiff, nor did Sterling have Plaintiff's permission or consent to display the Photographs during the rebroadcasts of the Jets-Falcons game.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST CBS, CBS RADIO AND STERLING)
### (17 U.S.C. §§ 106, 501)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. CBS Radio infringed Plaintiff's copyright in the Photographs by reproducing and publically displaying the Photographs in an article on the Website. CBS Radio is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

23. CBS infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs during the telecast of the Jets-Falcons football game. CBS is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

24. Sterling infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs during its rebroadcast of the Jets-Falcons football game on its station SportsNet New York. Sterling is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

25. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by CBS Radio, CBS and Sterling have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27. As a direct and proximate cause of the contributory infringement by Defendants of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

28. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

29. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

30. Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

31. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-30 above.

32. When the Photographs were published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

33. In its article on the Website, CBS Radio intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photographs.

34. Similarly, in its telecast of the Jets-Falcons football game, CBS intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

35. The conduct of CBS Radio and CBS violates 17 U.S.C. § 1202(b).

36. CBS Radio and CBS's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

37. The falsification, alteration and/or removal of said copyright management information was made by CBS Radio and CBS intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. CBS Radio and CBS also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

38. As a result of the wrongful conduct of CBS Radio and CBS as alleged herein. Plaintiff is entitled to recover from CBS Radio and CBS the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by CBS Radio and CBS because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

39. Alternatively, Plaintiff may elect to recover from CBS Radio and CBS statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2.500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### THIRD CLAIM FOR RELIEF
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST CBS)
### 17 U.S.C. §§ 106, 501

40. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-39 above.

41. Upon information and belief, CBS licensed its telecast of the Jets-Falcons football game, which included unauthorized copies of the Photographs, to Sterling for rebroadcast on SportsNet New York. Upon information and belief, Sterling re-aired the telecast twice.

42. CBS's conduct, as alleged herein, constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43. As a direct and proximate cause of the contributory infringement by CBS of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

44. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for its willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

45. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

46. CBS' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants CBS, CBS Radio and Sterling be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants CBS and CBS Radio be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photographs, pursuant to 17 U.S.C. § 502;

4. That, with regard to the First and Third Claims for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant CBS and CBS Radio's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants CBS and CBS Radio pursuant to 17 U.S.C. § 1203(c);

6. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 23, 2016

LIEBOWITZ LAW FIRM, PLLC
By: *Richard Liebowitz*
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

ABBOTT BUSHLOW
    & SCHECHNER, LLP
Matthew A. Kaplan
70-11 Fresh Pond Road
Ridgewood, New York 11385
Tel: (718) 366-0464
MattKaplanLaw@gmail.com

*Attorneys for Plaintiff Angel Chevrestt*